MARY C. JILLSON *vs.* ERASTUS HILL.

A note promising to pay " four hundred dollars on demand with interest within six montns from date " is payable on demand.

ACTION OF CONTRACT, commenced on the 24th of October 1854 on the following note : " Worcester, September 13th 1854. For value received I promise to pay Mrs. Mary C. Jillson or order four hundred dollars on demand with interest within six months from this date. . Witness my hand.     Erastus Hill."

At the trial in the court of common pleas, the plaintiff gave in evidence the note declared on, but did not allege or prove a demand of payment. The defendant contended that the note was not payable until six months from its date, and offered parol evidence that such was the agreement of the parties. *Briggs*, J. rejected the evidence, ruled that the note was payable on demand, and directed a verdict for the plaintiff, which was returned ; and the defendant alleged exceptions.

*G. F. Hoar*, for the defendant. The words " within six months " define the time allowed to the defendant to perform his contract; and are equivalent to " in six months " or " after six months." - The words " on demand " are not repugnant to this construction, but are merely an unnecessary affirmation of what the law would imply. The note is therefore to be construed as if it had read " on demand after six months," which is not an unusual form of promissory note, and is an intelligible contract, attended with no fatal repugnancy. *Heywood* v. *Perrin*, 10 Pick. 230. *Wiggin* v. *Peters*, 1 Met. 129. The words " within six months " can have no intelligible meaning, as applied to the time at which interest shall begin to be payable. The construction put upon the note by the court below was erroneous, because it gave no effect to the words " within six

Jillson *v.* Hill.

months." Chit. Con. (8th Amer. ed.) 80. *Cobbs* v. *Fountaine,* 3 Rand. 487. *Sicklemore* v. *Thistleton,* 6 M. & S. 9.

But if the two phrases are to be treated as repugnant, the words " within six months," fixing a definite time for the payment of the money, and which could hardly have been introduced without a definite agreement of the parties, or without having their attention expressly called to them, ought to have effect, rather than the words " on demand," which may more easily have been introduced by mistake and inattention. *Simpson* v. *Vaughan,* 2 Atk. 32. It is like the case where the printed and written part of a deed are repugnant, in which the written part prevails.

*C. Allen & P. P. Todd,* for the plaintiff.

BIGELOW, J. If there is any ambiguity in the note declared on, it arises from the inaccurate and obscure language in which it is expressed, and not from any evidence of extrinsic facts. It is therefore a patent ambiguity, and cannot be explained by parol proof. The intention of the promisor must be gathered solely from the contract itself. This, it must be admitted, is not very clearly indicated. We think, however, there is no reasonable or just rule of construction by which we can regard as surplusage or render senseless the words " on demand." They seem to us to be used in their usual sense, and not to be repugnant to the other words. The note may well be construed as, in effect, a promise to pay within six months at all events, and sooner, if demanded ; and the bringing of the suit is a sufficient demand. And this construction makes all the words of the note operative. If the words " within six months " can qualify the word " interest," their next antecedent, and so put off for six months the time when interest should begin to run—of which we give no opinion, no specific exception having been taken to that part of the verdict—they cannot certainly control the equally express words " on demand." *Exceptions overruled.*